IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. THOMPSON, | Civil Action No. 2:09-cv-01432-NBF-LPL |
| Plaintiff, | JUDGE NORA BARRY FISCHER<br>MAGISTRATE JUDGE LISA PUPO LENIHAN |
| vs. | |
| OFFICER WILLIAMS, Probation Officer, JESSICA WELCH, Probation Officer, FAYETTE COUNTY ADULT PROBATION OFFICE and FAYETTE COUNTY, | *Electronically Filed* |
| Defendants. | **JURY TRIAL DEMANDED** |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.Civ.P. 12(b)(6)

AND NOW, come the defendants, OFFICER WILLIAMS, JESSICA WELCH, FAYETTE COUNTY ADULT PROBATION OFFICE and FAYETTE COUNTY, by and through their undersigned counsel, JonesPassodelis, PLLC, and move to dismiss pursuant to F.R.Civ.P. 12(b)(6), asserting as follows:

1. This is a pro se civil rights case concerning an alleged search and seizure from a room he allegedly rented in his sister's house in January of 2009. Plaintiff alleges violations of his Fourth, Eighth and Fourteenth Amendment rights.

2. More specifically, the Complaint alleges that Probation Officers Williams and Welch arrived at the home of plaintiff's sister, Eunice Thompson, and her husband, David Leake, to conduct a search. Complaint, ECF Doc. 3, at p. 2.

3. The Complaint alleges that Plaintiff was not on probation or parole at that time, *id.* at p.2, but suggests another resident of the home was. *See id.* at 3 (Alleging that "both of

these Probation Officers were violating the civil and constitutional rights *of persons on probation* as well as people not on probation or parole." (emphasis added)).

4. According to the Complaint, one of the rooms in the home (the "room") was "privately rented" to Plaintiff. *Id.*

5. In the course of searching the house, the officers allegedly ordered Ms. Thompson and Mr. Leake to open the room. The officers "searched and seized a safe and other items from said room." *Id.* at p. 2.

6. Rule 12(b)(6) requires that a complaint be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (May 18, 2009).

7. The Eleventh Amendment to the United States Constitution affords the Fayette County Department of Probation and Parole and Probation Officers Williams and Welch immunity from Plaintiff's claims.

8. "'The Eleventh Amendment to the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court, regardless of the relief sought.'" *Slinger v. New Jersey*, 366 F. App'x 357, 360 (3d Cir. 2010) (quoting *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir.2009) (*citing MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir.2001))).

9. "Eleventh Amendment immunity also applies to a county agency if the state is the real party-in-interest." *Id.* (citing *Chisolm v. McManimon*, 275 F.3d 315, 322 (3d Cir.2001) (citing *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945)).

10. County departments of probation and parole are entitled to Eleventh Amendment immunity. *Haybarger v. Lawrence County Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240-41 (3d Cir.2005))

11. Plainly, *Haybarger* bars Plaintiff's claims against the Fayette County Department of Probation and Parole. The Department is part of the Unified Judicial System and as such is a state, not county, actor. *Haybarger*, 551 F.3d at 198.

12. The Pennsylvania Courts of Common Pleas are not even "persons" subject to litigation under 42 U.S.C. §1983. *Callahan v. City of Philadelphia*, 207 F.3d 668, 669-70 (3d. Cir. 2000). Because as *Haybarger* observes, departments of probation and parole are part of the state court system, they too are not "persons" subject to Section 1983 civil rights lawsuits. *See Callahan, Haybarger, supra*.

13. Similarly, the Eleventh Amendment bars plaintiff's official capacity claims against Officers Williams and Welch. *See Slinger v. New Jersey*, 366 F. App'x 357, 360 (3d Cir. 2010) (quoting *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir.2009) ("This immunity further extends to employees of that agency sued in their official capacities.").

14. Because the Department of Probation and Parole and Officers Williams and Welch in their official capacities are immune from suit, Plaintiff's claims are improper as a matter of law. Because no amount of repleading could correct this fatal flaw, dismissal should be with prejudice.

15. Fayette County is also entitled to dismissal as a matter of law. The Complaint alleges that "the County of Fayette is responsible for their agencies and employees and any and all conduct or acts they preform [sic] on behalf of the County of Fayette." *Id*. at p. 3.

16.     Under *Haybarger*, this is an incorrect statement of the law, because the Department of Probation and Parole and its officers are Commonwealth, not county, actors. As a matter of law, Fayette County had no responsibility for the alleged transgressions of the other defendants.

17.     Further, Fayette County cannot be held vicariously liable for the alleged wrongdoing of other defendants. *See, e.g. Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir.2007) (policy or custom causing the alleged deprivation is required to state a claim against a municipal defendant). Fayette County should be dismissed with prejudice at this time.

18.     Plaintiff's requested declaratory relief is improper. The Complaint seeks, *inter alia*, that the Court order "Fayette County and the Fayette County Adult Probation [sic] establish more accountability over the supervision of their probation officers with the creation of an internal affairs department that is separate from them." Complaint at ¶VI.

19.     Because neither of these entities are subject to suit in this case, Plaintiff's requested relief is a nullity, and should be dismissed with prejudice at this time.

20.     The Complaint fails to properly plead individual capacity claims against defendants Williams and Welch.

21.     The Complaint improperly pleads an Eighth Amendment claim. The Eighth Amendment prohibits infliction of cruel and unusual punishment on convicted and sentenced inmates. *See, e.g., Graham v. Connor*, 490 U.S. 386 (1989). Plaintiff alleges that he was not a convicted and sentenced inmate. Complaint at ¶ I. Plaintiff's Eighth Amendment claim should be dismissed with prejudice.

22. The other claims fail because they are not supported by allegations of fact sufficient to support a claim upon which relief may be granted. While the Complaint is pled in a verbose, prolix style, it is nonetheless deficient in operative facts. For example,

   a. The Complaint alleges that Plaintiff was not on probation or parole but fails to state whether David Leake or Eunice Thompson were.

   b. It fails to state whether the search of the Thompson/Leake residence was pursuant to a warrant. It provides no detail as to why these probation officers were in the home at all.

   c. The Complaint provides no detail about what transpired prior to the search of the allegedly separately rented room.

23. Civil rights law related to searches and seizures of a residence are complex, as is set forth in more detail in the accompanying Brief in Support.

24. Here, the Complaint is so devoid of operative facts that it fails to state a claim upon which relief may be granted. It does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007).

25. Accordingly, Plaintiff's Fourth and Fourteenth Amendment claims against Officers Williams and Welch in their individual capacities should be dismissed without prejudice.

WHEREFORE, it is respectfully requested that plaintiff's claims against Fayette County and the Fayette County Department of Probation and Parole and Officers Williams and Welch in their official capacities be dismissed with prejudice, Plaintiff's Eighth Amendment claim be dismissed with prejudice, and the remaining Fourth and Fourteenth Amendment claims against Williams and Welch in their individual capacities be dismissed without prejudice.

JonesPassodelis, PLLC

BY: s/Marie Milie Jones
MARIE MILIE JONES, ESQUIRE
PA I.D. No. 49711
E-Mail: mjones@jonespassodelis.com

MICHAEL R. LETTRICH
PA I.D. No. 80635
E-Mail: mlettrich@jonespassodelis.com

Gulf Tower, Suite 3510
707 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 315-7272
Facsimile: (412) 315-7273

Counsel for Defendants,
OFFICER WILLIAMS, JESSICA WELCH, FAYETTE COUNTY ADULT PROBATION and FAYETTE COUNTY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.Civ.P. 12(b)(6)** has been served upon all parties either individually or through counsel by:

|  |  |  |
|---|---|---|
| | _____ | Hand-Delivery |
| | __X__ | First-Class Mail, Postage Prepaid |
| | _____ | Certified Mail-Return Receipt Requested |
| | _____ | Facsimile |
| | _____ | Federal Express |
| | _____ | Electronic Service |

at the following address:

*James S. Thompson (JS4542)*
*SCI-Dallas*
*1000 Follies Road*
*Dallas, PA 18612*
*(Pro Se Plaintiff)*

JonesPassodelis, PLLC

Dated: __July 24, 2012__     s/Marie Milie Jones
MARIE MILIE JONES, ESQUIRE
MICHAEL R. LETTRICH, ESQUIRE

Counsel for Defendants,
OFFICER WILLIAMS, JESSICA WELCH, FAYETTE
COUNTY ADULT PROBATION and FAYETTE COUNTY

{W0021465.1}